IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATHLEEN DOCHERTY,

    Petitioner,

v.                              Case No. 4:15cv156-WS/CAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about March 13, 2015, Petitioner Kathleen Docherty, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. She filed a supporting memorandum. ECF No. 9. She then filed an amended § 2241 petition. ECF No. 12. On August 17, 2015, Respondent filed an answer, with an exhibit. ECF No. 15. Petitioner filed a reply on September 15, 2015. ECF No. 16.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes the petition is moot and should be dismissed.

## Background

In April 2003, in the United States District Court for the Eastern District of Michigan, in case number 2:02cr81150-SJM, Petitioner Kathleen Docherty pled guilty to six counts of drug trafficking crimes. She was sentenced to 188 months in prison. *See* ECF No. 15 at 2. At the time she filed her § 2241 petition, she was incarcerated at the Federal Correctional Institution in Tallahassee, Florida. *See* ECF Nos. 1, 12.

In her amended § 2241 petition, Docherty raises several grounds challenging her sentence and application of the sentencing guidelines. ECF No. 12 at 2-5. Respondent's answer points out that challenges to sentences typically must be filed in the sentencing court under 28 U.S.C. § 2255. ECF No. 15 at 3. Respondent asserts Petitioner Docherty may not proceed under the savings clause because her sentencing claims do not allege her sentence exceeded the statutory maximum and, further, she does not identify any retroactively applicable U.S. Supreme Court decision. *Id*. at 4-5. Respondent also indicates, at the time the answer was filed, Docherty's projected release date was August 26, 2017, and that "[i]n light of recent retroactive amendments to the United States Sentencing Guidelines, a stipulation has been filed and is presently pending in

Docherty's underlying criminal case in the Eastern District of Michigan (Case Number 02-cr-81150), acknowledging her eligibility for a discretionary reduction in her sentence to 'time served,' effective November 1, 2015." *Id.* at 1-2.

A review of the website for the Federal Bureau of Prisons indicates Petitioner Kathleen Docherty, Inmate Register Number 30758-039, was actually released on October 30, 2015.   *See* www.bop.gov/inmateloc/.   On or about January 25, 2016, Petitioner filed a notice of change of address with this Court.   ECF No. 17.

## Analysis

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy.   Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).   Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral consequence" of the conviction – must exist to maintain the habeas action.   Spencer v. Kemna, 523 U.S. 1, 7 (1998).   *See, e.g.*, U.S. ex rel. Graham v. U.S. Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (holding federal prisoner's habeas petition challenging regulations and decisions by U.S. Parole

Commission was mooted by prisoner's release as his "ultimate objective in bringing the action was to obtain parole" and "[s]ince he has been released on parole in the interim, we find there no longer is a case or controversy to litigate" as "[a] favorable decision on the merits would not entitle Graham to any additional relief"); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition alleging unconstitutional miscalculation of gain time credits, where prisoner was released from custody while petition was pending and he had attacked only length of confinement, not underlying conviction).

Here, Petitioner's only objective in bringing this habeas action was a reduction in her sentence.  Because she has since been released from incarceration, there is no longer a case or controversy to litigate.  Thus, this action is moot and should be dismissed.

## Conclusion

For the reasons stated above, this § 2241 petition is moot. Accordingly, the amended petition (ECF No. 12) should be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 12, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.